IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DAVID KILBOURNE,**

    **Plaintiff,**

    **v.**                                  **Case No. 16-2464-JAR-GLR**

**COSENTINO'S,**

    **Defendant.**

**MEMORANDUM AND ORDER**
**and**
**REPORT AND RECOMMENDATION**

**NOTICE TO PRO SE PLAINTIFF**: Within fourteen (14) days after a party is served with a copy of this Report and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), file written objections to this Report and Recommendation. Plaintiff must file any objections within the fourteen-day period if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

Plaintiff David Kilbourne, proceeding pro se, brings this action against Cosentino's, a grocery store in Kansas City, Missouri. On June 24, 2016, Plaintiff filed a "Motion to Proceed Without Prepayment of Fees." (Doc. 3). The court has reviewed the affidavit of financial status and finds that plaintiff has established that he is financially unable to pay the costs of the filing fee.

The authority to proceed without payment of fees is not without limitation. Under 28 U.S.C. § 1915(e)(2), *sua sponte* dismissal of the case is required if the court determines that the action 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or

3) seeks relief from a defendant who is immune from suit.  After application of these standards, the undersigned Magistrate Judge issues the following report and recommendation of dismissal pursuant to 28 U.S.C. § 636(b)(1)(B).  Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court shall dismiss the case at any time if the court determines that the action fails to state a claim on which relief may be granted.  Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[1]  The court reviews the sufficiency of the complaint under the same standards as those used when the court considers a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[2]  Because plaintiff proceeds pro se, his pleadings must be liberally construed.[3]  However, plaintiff still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[4] and the court cannot "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."[5]  Plaintiff "must allege sufficient facts to state a claim which is plausible—rather than merely conceivable—on its face."[6]

Here, plaintiff's entire claim is contained this phrase: "arrested / detained by a bad cop."[7]  His requested relief is equally brief, leaving the relief section on his form complaint blank but indicating a dollar amount of $35,000 on his civil cover sheet (ECF 2).  Plaintiff offers no facts whatsoever which allow the Court to evaluate his legal claim.  For instance, Plaintiff does not

---

[1] *King v. Huffman*, No. 10-4152-JAR, 2010 WL 5463061, at *1 (D. Kan. Dec. 29, 2010) (citing Fed. R. Civ. P. 12(h)(3).

[2] *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[3] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).

[4] *Id.*

[5] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

[6] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[7] ECF 1 at 3.

provide the date of the incident, the name of the officer, or any other factual allegations that are material to his case. Moreover, it is unclear whether this Court even has jurisdiction, as Plaintiff indicates that he is a resident of Missouri, that defendant is located in Missouri, and that the incident took place in Missouri. Thus, the parties do not appear diverse for purposes of diversity jurisdiction. Even if they were, Plaintiff only requests $35,000 in damages, which is below the threshold for federal diversity jurisdiction. Plaintiff offers nothing more to support jurisdiction in this Court. It is clear from the face of the complaint that the plaintiff neither pleads "enough facts to state a claim to relief that is plausible on its face,"[8] nor presents a rational argument on the facts or law in support of his claim.[9] It is therefore recommended that the complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff also filed a Motion for Appointment of Counsel (ECF 4). An evaluation of whether to appoint counsel requires consideration of those factors discussed by the Tenth Circuit: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel.[10] Thoughtful and prudent care in appointing representation is necessary so that willing counsel may be located; however, the indiscriminate appointment of volunteer counsel to undeserving claims wastes a precious resource and may discourage attorneys from volunteering their time.[11] After careful consideration, the court declines to appoint counsel to represent Plaintiff. Although Plaintiff appears unable to afford counsel at this

---

[8] *Fry v. Beezley*, 2010 WL 1371644, at *1 (quoting *Twombly*, 550 U.S. at 570).

[9] *Graham v. Sec'y of Health & Human Servs.*, 785 F.Supp. 145, 146 (citing *Dolence v. Flynn*, 628 F. 2d 1280, 1281 (10th Cir. 1980)).

[10] *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1420-21 (10th Cir. 1992).

[11] *Id.* at 1421.

time, the court recommends dismissal of Plaintiff's claims as discussed above. Under the circumstances, the motion for appointment of counsel shall be denied without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Proceed Without Prepayment of Fees (ECF 3) is granted. The Clerk is directed to stay service of process pending the District Court's review of the Report and Recommendation below.[12]

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF 4) is denied without prejudice.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Complaint be dismissed without prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS FURTHER ORDERED** that a copy of this recommendation shall be mailed to Plaintiff by certified mail. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), Plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation. Failure to make a timely objection waives appellate review of both factual and legal questions.[13]

**IT IS SO ORDERED.**

Dated July 12, 2016, at Kansas City, Kansas.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge

---

[12] *See Webb v. Vratil*, No. 12-2588-EFM-GLR, Doc. 7 (Sept. 28, 2012) (withholding service of process pending review under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3)) (citing *Fuller v. Myers*, 123 F. App'x 365, 368 (10th Cir. 2005).

[13] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).