IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DAVID KILBOURNE,**

    **Plaintiff,**

    **v.**

**CONSENTINO'S,**

    **Defendant.**

Case No. 16-2464-JAR-GLR

## MEMORANDUM AND ORDER

Plaintiff David Kilbourne, a citizen of Missouri, filed this action against Defendant Consentino's, a grocery store located in Kansas City, Missouri, alleging that he was unlawfully detained by an employee of the store. Along with his Complaint, Plaintiff sought leave to proceed *in forma pauperis* (Doc 3). On July 13, 2016, Magistrate Judge Gerald L. Rushfelt granted Plaintiff leave to proceed *in forma pauperis*, but directed the Clerk to stay service of process pending the undersigned's review of his Report and Recommendation to dismiss Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii).[1] The Report and Recommendation recommends dismissal because Plaintiff's Complaint lacks factual allegations sufficient to demonstrate the Court's subject matter jurisdiction, or to state a plausible claim upon which relief may be granted.

Plaintiff filed a timely Objection (Doc. 7) to Judge Rushfelt's Report and Recommendation of dismissal on July 27, 2016. He provides details about the incident upon which his claim is based. Plaintiff claims that Officer Kevin White, who was employed by Consentino's, unlawfully detained him after he tried to take a photograph of the officer when he

---

[1] Doc. 5.

was treated rudely.  The officer told Plaintiff that he was trespassing, placed him in handcuffs, looked through his possessions, and ran a warrant check.  The officer later released him.  In his Objection, Plaintiff requests $75,000 in damages.

Because Judge Rushfelt allowed Plaintiff to proceed *in forma pauperis*, he was required to screen Plaintiff's Complaint.  28 U.S.C. § 1915(e)(2)(B) permits the court to dismiss, sua sponte, an *in forma pauperis* action as (1) frivolous or malicious; (2) failing to state a claim upon which relief may be granted; or (3) seeking monetary relief from a defendant who is immune from suit.[2]  Moreover, a court lacking jurisdiction must dismiss the case, regardless of the stage of the proceeding, when it becomes apparent that jurisdiction is lacking.[3]  The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper.[4]  "Thus, plaintiff bears the burden of showing why the case should not be dismissed."[5]  Mere conclusory allegations of jurisdiction are not enough.[6]

Because Plaintiff proceeds *pro se*, the Court must construe his pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[7]  However, the Court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[8]

The Court finds that this case must be dismissed for lack of subject matter jurisdiction, even when considering the additional facts provided in Plaintiff's Objection.  Under 28 U.S.C. §

---

[2]*Whitney v. New Mexico*, 113 F.3d 1170, 1172–73 (10th Cir. 1997); 28 U.S.C. § 1915(e)(2)(B).

[3]*Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[4]*Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

[5]*Harms v. IRS*, 146 F. Supp. 2d 1128, 1130 (D. Kan. 2001).

[6]*United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

[7]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[8]*Id.*

1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  A case "arises under" federal law where: "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[9]  Plaintiff provides no facts that would support a federal cause of action in this case.  To the extent he attempts to assert a federal civil rights claim, it must fail because his Complaint and Objection make clear that the Defendant is not a state actor.[10]  Another avenue for jurisdiction is called diversity jurisdiction.  Federal jurisdiction under § 1332 requires complete diversity of citizenship between the plaintiff and defendants and an amount in controversy exceeding $75,000; no defendant can be from the same state as any plaintiff.[11]  Here, the Complaint makes clear that Plaintiff and Defendant are from the same state, which defeats diversity jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT** that the Court adopts the Report and Recommendation filed July 13, 2016 (Doc. 5) that Plaintiff's case be dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: August 9, 2016

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[9] *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006).

[10] *See* 42 U.S.C. § 1983; **Error! Main Document Only.***Scott v. Hern*, 216 F.3d 897, 907 (10th Cir. 2000).

[11] *Exxon Mobile Corp. v. Allapattah Servs.*, 545 U.S. 546, 553 (2005).